## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) THE STATE OF OKLAHOMA *ex rel.* THE OKLAHOMA ETHICS COMMISSION, </br></br>　　　　Plaintiff, </br></br> v. </br></br> (1) RFD & ASSOCIATES, INC., a foreign corporation, </br></br>　　　　Defendant. | Case No. _____ </br> Removed from the District Court </br> of Oklahoma County </br> (Case No. CJ-2026-558) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 38(b) of the Federal Rules of Civil Procedure, Defendant RFD & Associates, Inc. ("**Defendant**," or "**RFD**") hereby removes the above-captioned action pending in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2026-558, to the United States District Court for the Western District of Oklahoma. In support of this Notice of Removal, Defendant states the following:

### Procedural History and Plaintiff's Allegations

1.　On January 22, 2026, Plaintiff the Oklahoma Ethics Commission ("**Plaintiff**," or "**OEC**,") initiated this lawsuit against the named defendant in the District Court of Oklahoma County, State of Oklahoma, by filing its Petition captioned as *The State of Oklahoma ex rel. the Oklahoma Ethics Commission v. RFD & Assoc., Inc.*, Case No. CJ-2026-558 (the "**State Court Action**").

2.　In accordance with 28 U.S.C. § 1446 (a), a true and accurate copy of the

OSCN Docket Sheet from the State Court Action as well as true and accurate copies of all process, pleadings, and orders served upon the Defendant in the State Court Action are attached hereto as follows:

> **Exhibit 1**:   OSCN State Docket Sheet, CJ-2026-558 (Oklahoma County)
>
> **Exhibit 2**:   Petition filed January 22, 2026;
>
> **Exhibit 3**:   Plaintiff's Counsel's Entry of Appearance

3. Concurrent with filing its Petition on January 22, 2026, Plaintiff also caused summonses to be issued in the State Court Action, and Defendant was served with the Petition and Summons on or around January 27, 2026. *See* OSCN State Docket Sheet, **Ex. 1**.

4. Based on the date of service, the original deadline for RFD to file a response in the State Court Action was therefore February 17, 2026 (due to Presidents Day). *See* 12 O.S. §§ 2006 (A), 2012 (A). However, in subsequent discussions between parties' counsel on January 28, 2026, OEC's counsel agreed to extend RFD's original answer deadline to **March 25, 2026**.[1]

5. In the Petition, Plaintiff asserts various contractual, equitable, and tort-based causes of action relating to a software design and installation agreement entered into between the OEC and RFD. *See* Petition, **Ex. 2**, at ¶¶ 6-66; *see also* Exs. 1-3 to Petition,

---

[1] In accordance with this agreement, Defendant will be filing an Unopposed Application for Extension of Time following the removal of this action to the Western District of Oklahoma requesting an extension of Defendant's deadline to answer or otherwise respond to Plaintiff's Petition to the agreed-upon date, March 25, 2026. *See* Fed. R. Civ. P. 81; LCvR 7.1 (h).

**Ex. 2**.

6. In its Petition, Plaintiff contends it is "still continuing to evaluate its damages" but presently "estimates that it has suffered damages in excess of $800,000" as a result of Defendant's purported breaches of contract. *See* **Ex. 2**, at ¶ 23. Plaintiff asserts identical damages with respect to its claims involving unjust enrichment, fraud, breach of express/implied warranties, negligent misrepresentation, and violations of the Oklahoma Deceptive Trade Practices Act (ODTPA). *Id.* at ¶¶ 28, 37, 42, 49, 57, 66.

## Timeliness of Removal

7. Defendant was served with the Petition on or about January 27, 2026. *See* **Exs. 1**.

8. This removal was effectuated within 30 days of service of the Petition and Summons on Defendant and is therefore timely. *See* 28 U.S.C. § 1446 (b).

## Grounds for Removal

9. Removal to this Court is appropriate because it is the United States District Court for the District within which the State Court Action was commenced.

10. This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has original jurisdiction over this controversy based upon the diversity of citizenship of the parties and amount in controversy, as set forth in 28 U.S.C. § 1332 (a)(1).

## Diversity Requirement

11. Specifically, complete diversity of citizenship exists between the parties sufficient for removal pursuant to 28 U.S.C. § 1332 (a), based upon the following:

a. At the time the Petition was filed, at the time of removal, and at all intervening times, Plaintiff Oklahoma Ethics Commission was and is an independent, autonomous Oklahoma agency entity created under Art. XXIX of the Oklahoma Constitution following the approval of State Question 627 by ballot initiate in 1990-91, and was formed in order to "establish rules for the ethical conduct of campaigns and of the public actions of state officials and employees." *See* Oklahoma Ethics Commission Website – Commission History to Present, *available at* https://oklahoma.gov/ethics/about-us/commission.html#accordion-382d284306-item-65e482d983; *see also* Petition, **Ex. 2**, at ¶ 1. The Oklahoma Ethics Commission is directed and controlled by an Executive Director as well as a 5-member Board of Commissioners who are independently appointed for 5-year terms by various "leaders of the three branches of state government," in order to be "independent of outside pressures . . . ." Oklahoma Ethics Commission Website; *see also* Oklahoma Ethics Commission Annual Report – Calendar Year 2025, *available at* https://oklahoma.gov/content/dam/ok/en/ethics/documents/about-us/strategic-plan/2025%20Annual%20Report.pdf. Upon information and belief, the operations, activities, and principal business of the Oklahoma Ethics Commission take place completely within the borders of the State of Oklahoma, and ***this entity is therefore a citizen of Oklahoma for diversity purposes***. *See, e.g.*, Okla. Const., Art. XXIX; *see also* **Ex. 2**, at ¶ 1.

b. At the time the Petition was filed, at the time of removal, and at all intervening times, Defendant RFD & Associates, Inc., was and is a foreign corporation formed under the laws of the State of Texas, with its principal place of business located in

4

Austin, Texas, and **Defendant is therefore <u>not</u> a citizen of Oklahoma for diversity purposes**. *See, e.g.*, **Ex. 2**, at ¶ 2.

  c. As established above, complete diversity exists between the Plaintiff and Defendant in order to properly remove this action to this Court.

### Amount in Controversy Requirement

12. In the Petition, Plaintiff states that it presently estimates its damages as at least "$800,000" suffered damages due to Defendant's alleged conduct, *see* **Ex. 2**, at ¶¶ 28, 37, 42, 49, 57, 66, and further seeks an award "in excess of $800,000 and all costs and expenses associated" in Plaintiff's prayer for relief. *Id.* at p. 8. Thus, in addition to the diversity of citizenship between the Plaintiff and Defendant, the amount of controversy is also satisfied for this case to be removed to federal court pursuant to 28 U.S.C. § 1332 (a).

13. Based upon the foregoing, complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000. Thus, removal to this Court is proper in accordance with 28 U.S.C. § 1332 (a).

### Non-Waiver of Defenses

14. By this Notice of Removal, Defendant does not waive any of its available defenses, all of which are hereby expressly reserved, and Defendant does not admit to any of the allegations in Plaintiff's Petition.

### Jury Demand

15. Pursuant to Fed. R. Civ. P. 38, and without waiver of any potential defenses, Defendants demand a jury trial and hereby affirmatively places Plaintiff on notice of said demand.

**Compliance with 28 U.S.C. § 1446**

16. As RFD & Associates, Inc. is the only named Defendant in this action, no other consent is required for removal.

17. Defendant further certifies that pursuant to 28 U.S.C. § 1446 (d), written notice has been provided to all adverse parties of the filing of this Notice of Removal, and a copy of this Notice of Removal shall be provided to the Clerk of the Court of Oklahoma County, Oklahoma.

WHEREFORE, Defendant RFD & Associates, Inc. hereby invokes this Court's jurisdiction and prays that the action now proceeding against Defendant in the District Court of Oklahoma County, State of Oklahoma, bearing Case No. CJ-2026-558, be removed to this honorable Court.

Respectfully submitted,

/s/ Sara E. Potts, OBA No. 32104
DOERNER, SAUNDERS, DANIEL
& ANDERSON, LLP
Michael S. Linscott, OBA No. 17266
Jon E. Brightmire, OBA No. 11623
Two West Second Street, Seventh Floor
Tulsa, Oklahoma 74103
(P) 918.591.5258 │ (F) 918.925.5258
(E) mlinscott@dsda.com
(E) jbrightmire@dsda.com
and
Sara E. Potts, OBA No. 32104
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
(P) 405.319.3500 │ (F) 405.319.3537
(E) spotts@dsda.com

and

>William Zac Duffy, Texas Bar No. 24059697
>*Motion for Pro Hac Vice to be filed*
>MUNSCH HARDT KOPF & HARR, P.C.
>500 N. Akard Street, Ste. 4000
>Dallas, TX 75201
>(P) 214.855.7591
>(E) zduffy@munsch.com
>*Attorneys for Defendant RFD & Associates, Inc.*

## **CERTIFICATE OF ECF SERVICE**

I hereby certify that on the 17th day of February, 2026, a true and correct copy of the foregoing was filed with the Court Clerk via the Court's ECF system, with notice provided to the following counsel of record:

Garry M. Gaskins, II, OBA No. 20212
Sam Black, OBA No. 34614
Office of the Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
*Counsel for Plaintiff Oklahoma Ethics Commission*

/s/ Sara E. Potts